IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
Case Number: 3:17-CV-170-DJH

MICHAEL R. WASHINGTON                                          PLAINTIFF
1009 South 3rd Street, No. 104
Louisville, Kentucky 40203

v.

PERSONAL FINANCE CO., LLC                                    DEFENDANTS
d/b/a PERSONAL FINANCE COMPANY
19065 Hickory Creek Drive, Suite 300
Mokena, Illinois 60448

        SERVE:        CT Corporation System
                           306 West Main Street, Suite 512
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

        SERVE:        The Prentice Hall Corporation System
                           421 W. Main Street
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Michael R. Washington, and for his Verified Complaint against the

Defendants, Personal Finance Co., LLC d/b/a Personal Finance Company ("PFC") and Experian

Information Solutions, Inc. ("Experian"), states as follows:

## I. **PRELIMINARY STATEMENT**

1.      This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's dispute regarding a false and derogatory PFC tradeline on Plaintiff's credit reports.

## II. **PARTIES**

2.      Plaintiff, Michael R. Washington, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1009 South 3rd Street, No. 104, Louisville, Kentucky 40203.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, PFC, is an Illinois limited liability company doing business in the Commonwealth of Kentucky with its principal place of business located at 19065 Hickory Creek Drive, Suite 300, Mokena, Illinois 60448.

5.      PFC is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

7.      Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C.

§1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving

rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing

business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

10.     In or around January 2017, Plaintiff, who was in the process of attempting to secure

mortgage financing, accessed his Trans Union credit report and discovered a false and derogatory

tradeline furnished by PFC regarding a PFC account.

11.     Plaintiff paid off the PFC account in 2015. The tradeline furnished by PFC to Trans

Union, however, falsely states that the account was "included in bankruptcy." Plaintiff has never

filed for bankruptcy protection.

12.     Immediately upon his discovery of the reporting of the PFC account, Plaintiff

disputed the PFC tradeline with Trans Union. Specifically, Plaintiff disputed PFC Account No.

P2792150****, stating in his dispute that PFC and Trans Union should remove the comment that

the account was included in bankruptcy.

13.     Upon information and belief, Trans Union, pursuant to the requirements stated in 15

U.S.C. §1681i(a)(2)(A), notified PFC of the dispute at or within five (5) days of Trans Union

receiving notice of the dispute from Plaintiff.

14.     On or about February 28, 2017, Plaintiff received from Trans Union the results of

his dispute. Those dispute results indicated that PFC and Trans Union had verified the accuracy of

the PFC tradeline.

15.     The Defendants' false credit reporting and their failure to investigate Plaintiff's

dispute have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V.  CLAIMS

### Negligence – PFC

16.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17.     PFC's failure to investigate Plaintiff's dispute and its false reporting toTrans Union regarding the PFC account were negligent under applicable law.

18.     In failing to investigate Plaintiff's dispute and in falsely reporting the status of the PFC account, PFC breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

19.     PFC's failure to investigate Plaintiff's dispute and its false reporting to Trans Union regarding the PFC account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

20.     PFC's failure to investigate Plaintiff's dispute and its false reporting to Trans Union regarding the PFC account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

21.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.     Trans Union's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the bankruptcy comment from the PFC tradeline on Plaintiff's Trans Union credit

4

report, despite Plaintiff's lawful notice to Trans Union disputing the tradeline, was negligent.

23.    In failing to properly investigate Plaintiff's dispute of the PFC tradeline, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

24.    Trans Union's negligent failure to properly investigate Plaintiff's dispute of the PFC tradeline and its consequent failure to remove the bankruptcy comment from the PFC tradeline on Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

25.    Trans Union's failure to properly investigate Plaintiff's dispute of the PFC tradeline and its consequent failure to remove the bankruptcy comment from the PFC tradeline on Plaintiff's credit report, despite Plaintiff's lawful dispute to Trans Union, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Defamation – PFC**

26.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.    PFC, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's Trans Union credit report, that Plaintiff's PFC account was included in an alleged bankruptcy.

28.    PFC's statements were false and were made with conscious disregard for the rights of the Plaintiff.

29.    PFC's publication of false statements regarding Plaintiff's creditworthiness and

5

Plaintiff's PFC account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Trans Union

30.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to PFC and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff's PFC account was included in an alleged bankruptcy.

32.     Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

33.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's PFC account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act – PFC

34.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35.     PFC's failure to investigate Plaintiff's disputes and it initial and continuing false reporting to Trans Union regarding Plaintiff's PFC account is a violation of PFC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

36.     PFC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which PFC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

37.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiffs' credit report is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

39.     Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

40.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – PFC**

41.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.     PFC's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union regarding Plaintiff's PFC account, despite PFC's knowledge of the falsity of its reporting, is a willful violation of PFC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

43.     Given PFC's knowledge of the falsity of its reporting, PFC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which PFC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and

7

for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

44.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.     Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

46.     Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

47.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Michael R. Washington, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/Sam B. Carl*
Sam B. Carl
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY  40202
(502)
sambcarl@gmail.com
*Co-Counsel for Plaintiff*


*/s/David W. Hemminger*
David W. Hemminger
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY  40202
(502)
hemmingerlawoffice@gmail.com
*Co-Counsel for Plaintiff*

9

## **VERIFICATION**

I, Michael R. Washington, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____

Michael R. Washington

COMMONWEALTH OF KENTUCKY )

                                                      ) SS

COUNTY OF JEFFERSON            )

Subscribed, sworn to and acknowledged before me by Michael R. Washington this _17th_

day of _March_____, 2017.

_____

Notary Public

Commission expires: _March 28, 2018_

10